

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 25, 1969

Honorable Dan S. Petty, Director
Division of Planning Co-ordination
Executive Department
Austin, Texas 78711

Opinion No. M-518

Re: Eligibility of a Council
of Governments to receive
federal grants for water
quality research and de-
velopment projects.

Dear Mr. Petty:

In your recent letter you have advised this office
that:

."The Federal Water Pollution Control
administration of the U. S. Department
of the Interior is authorized under
P.L. 84-660, as amended, to make re-
search and development grants to inter-
governmental agencies for water quality
abatement programs. The FWPCA has ac-
cordingly asked whether Councils of
Government in Texas can receive these
grants under Article 1011m, as amended."

In the same letter you have requested an Attorney
General's opinion on the eligibility of a Council of
Governments to receive such federal grants for water
quality research and development projects.

In our opinion a Council of Governments constituted
under the authority of Article 1011m, V.C.S., as last
amended by Section 1, Chapter 413, Acts of the 61st Legis-
lature, Regular Session, 1969 (Senate Bill No. 547), is
eligible under the laws of Texas to receive federal grants
for water quality research and development projects.

A Council of Governments may be constituted under the
authority of Article 1011m, as amended, and derives its
powers under the provisions of that statute.

-2472-

Article 1011m was originally enacted as Chapter 570, Acts of the 59th Legislature, Regular Session, 1965. Section 1, Subdivision C, of that statute defines "Commission" to mean "a Regional Planning Commission created under this Act." The caption and text of the Act refer only to Regional Planning Commissions.

Article 1011m was amended by Chapter 413, Acts of the 61st Legislature, Regular Session, 1965 (Senate Bill No. 547). The caption of this Act does not mention Council of Governments, but does provide for redefining "Commission", and while the text of the statute generally is in terms of "Regional Planning Commission" or "the Commission," yet Section 1, Subdivision C, defines "Commission" to mean "a Regional Planning Commission, Council of Governments or similar regional planning agency created under this Act." (Emphasis supplied).

We are therefore of the opinion that the Legislative intent is to provide that a Council of Governments may be constituted under the Act and that when so constituted it has all the attributes and powers provided by the statute for a Regional Planning Commission, or a "Commission." We are of the further opinion that the caption and the text of the bill are adequate in this respect.

Section 2 of Article 1011m, as amended, provides that

> "The purpose of this Act is to encourage and permit local units of government to join and cooperate with one another to improve the health, safety and general welfare of their citizens;...... that residential areas provide healthy surroundings for family life;......" (Emphasis supplied).

Section 4 of that article provides that

> "Under this Act a Regional Planning Commission shall be a political subdivision of the State, the general purpose of which is to make studies and plans,...... The Commission may make plans for the development of the area which may include recommendations on...... sanitary facilities...... and other items relating to the effectuation of the general purpose." (Emphasis supplied).

Section 6, Subsection (a) of Article 1011m, as amended, provides that

> "A Regional Planning Commission is authorized to apply for, contract for, receive and expend for its purposes any funds or grants from any participating governmental unit or from the State of Texas, federal government, or any other source." (Emphasis supplied).

A Council of Governments, being authorized under Article 1011m, as amended, to receive federal grants, and a water quality research and development project clearly falling within the stated purpose of the Act, a Council of Governments may receive federal grants for such a project, such grant to be expended by the Council within the limitation of the powers provided for the Council under Article 1011m, as amended.

This opinion is directed only to Texas statutes, and does not purport to evaluate the inquiry in terms of the provisions of the federal statute.

## S U M M A R Y

> A Council of Governments organized under the authority of Article 1011m, V.C.S., as amended, may receive federal grants for water quality research and developments projects.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Ed Esquivel
Bill Craig
Linward Shivers
Richard Chote

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant